IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA T. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0791-WS-B |
| | ) |
| INFIRMARY HEALTH SYSTEM, *d/b/a* | ) |
| MOBILE INFIRMARY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Motion to Dismiss (doc. 32) filed by defendants, Infirmary Health System d/b/a Mobile Infirmary, Cathy Burch and Kim Gibson. The Motion has been briefed and is ripe for disposition.

On or about October 6, 2006, plaintiff Teresa T. Hall, by and through counsel of record, filed a Complaint in the Circuit Court of Mobile County, Alabama, against Infirmary Health System d/b/a Mobile Infirmary, Cathy Burch, Kim Gibson, and fictitious defendants. The Complaint alleged certain state-law claims (rooted in theories of wrongful discharge, breach of contract, conversion, fraud, outrage, negligence/wantonness, negligent/wanton supervision, and civil conspiracy) relating to Mobile Infirmary's termination of Hall's employment as a phlebotomist in October 2004 after plaintiff missed work for a period of time because of a series of abdominal surgeries. Defendants removed this action to this District Court, predicating federal subject-matter jurisdiction on the premise that Hall's conversion claim was subject to complete preemption under ERISA because that claim relates to Hall's retirement contributions on deposit with Mobile Infirmary.[1]

---

[1] The Court agreed with defendants' preemption analysis, and entered an Order (doc. 13) on March 8, 2007 denying plaintiff's motion to remand. The March 8 Order also dismissed plaintiff's wrongful discharge, fraud, and civil conspiracy claims, as well as the portion of the breach of contract and negligent/wanton supervision claims directed at defendants Burch and Gibson. The action proceeds today on plaintiff's claims of outrage, negligence/ wantonness, and ERISA violation, as well as her breach of contract and negligent/wanton supervision claims against Mobile Infirmary.

On October 26, 2007, after the close of discovery, defendants filed a Suggestion of Death on the Record (doc. 21), providing notice of the death of plaintiff Teresa T. Hall on October 22, 2007.  Nearly five months later, defendants filed a Motion to Dismiss (doc. 32), seeking dismissal of this action pursuant to Rule 25(a)(1), Fed.R.Civ.P., based on plaintiff's failure timely to move for substitution of a proper plaintiff.  Plaintiff's counsel timely filed a Response (doc. 35) opposing the Motion; however, to date plaintiff's counsel has not moved to substitute a proper plaintiff for the deceased named plaintiff, despite the fact that Hall died nearly six months ago.

The Motion to Dismiss is governed by Rule 25(a)(1), Fed.R.Civ.P., which provides as follows:

> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  ***If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed***."

Rule 25(a)(1), Fed.R.Civ.P. (emphasis added).

In the case at bar, the 90-day period for substitution of a proper plaintiff commenced with the Suggestion of Death filed on October 26, 2007, and expired on or about January 24, 2008, without the requisite motion for substitution having been filed.  But the Court's analysis does not end there.  Notwithstanding the mandatory language in the rule, courts have generally couched the Rule 25(a) procedure as being discretionary.  *See, e.g., Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996) ("Rule 25(a) permits the court to dismiss the case if a motion for substitution is not made within 90 days after death is suggested upon the record.").  "The history of Rule 25(a) and Rule 6(b) makes clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."  *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted).[2]  Therefore, the Court declines to adopt defendants' mechanical reasoning that

---

[2] *See also Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 239 (E.D.N.Y. 2001) ("Notwithstanding the mandatory language in Rule 25(a), the district court has considerable discretion in addressing the timing of substitution in the event of the death of a party."); *George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001) (opining that Rule

dismissal must inevitably follow from plaintiff's failure to file a motion for substitution within the 90-day period prescribed by Rule 25(a).

That leaves the question of what parameters and considerations should inform the exercise of the Court's discretion under Rule 25(a). It is clear that a district court is authorized "to exercise its discretion to permit a motion for substitution beyond the time originally prescribed [by Rule 25(a)(1)] when the failure to file the motion was the result of excusable neglect." *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005); *see also George v. United States*, 208 F.R.D. 29, 33 (D. Conn. 2001) (relief may be granted from 90-day restriction, even if request is made after expiration of deadline, where delay results from excusable neglect and opposing party fails to demonstrate undue prejudice); *Kessler v. Southeast Permanente Medical Group of North Carolina, P.A.*, 165 F.R.D. 54, 57 (E.D.N.C. 1995) (movant is required to show excusable neglect where it failed to move for substitution in timely manner after suggestion of death was made upon the record). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Kaubisch*, 408 F.3d at 543 (internal quotations and citations omitted); *see also Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 602 (D. Kan. 2000) (recognizing that excusable neglect is "an elastic concept"); *Zeidman v. General Acc. Ins. Co.*, 122 F.R.D. 160, 162 (S.D.N.Y. 1988) (party seeking enlargement of 90-day period prescribed by Rule 25(a) must show both good faith and reasonable basis for noncompliance to be successful, but excusable neglect is an elastic concept).

Bearing in mind the foregoing authorities, and the liberal construction to be afforded to Rule 25(a)(1), the Court finds that plaintiff has made a sufficient showing for relief from the 90-day deadline for filing a motion to substitute. The record in this case demonstrates that plaintiff's counsel's deficiencies in performance in this case stem from an array of personal and

---

25(a)(1)'s underlying purpose is to allow flexibility in substitution, that the 90-day period is not intended to bar otherwise meritorious actions, and that Rule 25(a)(1) should be "liberally interpreted"); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) ("Whether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court," and Rule 26(a)(1) should be liberally interpreted to fulfill its underlying purpose of allowing flexibility in substitution).

professional problems including a protracted and acrimonious dispute between plaintiff's counsel and his landlord that effectively cut off counsel from his clients and wrought substantial disruption to counsel's law practice.  (*See* doc. 28.)  Counsel has been duly sanctioned for his inattentiveness to this proceeding in recent months, with Magistrate Judge Bivins imposing a monetary sanction of $500 on him.  (*See* doc. 33.)  In the undersigned's judgment, equity would not be promoted by imposing the further *de facto* sanction of dismissing this action without prejudice pursuant to Rule 25(a)(1), particularly where (a) counsel has made a reasonable showing of excusable neglect through his own personal and professional tribulations as documented in the court file; (b) there is absolutely no indication of bad faith; (c) plaintiff's counsel has represented to the Court that he is prepared to move forward with efforts to substitute a proper plaintiff at this time; and (d) there is no reason to believe, nor is there any suggestion in the record, that defendants will incur undue prejudice by virtue of a limited extension of the applicable deadline.

For all of the foregoing reasons, defendants' Motion to Dismiss (doc. 32) is **denied**. Plaintiff's counsel is **ordered** to file an appropriate motion for substitution, as required by Rule 25(a)(1), by no later than **May 19, 2008**.  Counsel is cautioned to proceed with all necessary diligence to ensure that no further requests for enlargement become necessary.

DONE and ORDERED this 15th day of April, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE