IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA HALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0791-WS-B |
| | ) |
| INFIRMARY HEALTH SYSTEM, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

On June 30, 2008, the undersigned entered an Order (doc. 57) denying the request of Brent Hall ("Hall"), by and through counsel, to be substituted for deceased plaintiff Teresa Hall based, *inter alia*, on Hall's failure to file a status report as ordered by this Court concerning the probate court proceedings through which he sought to be appointed as administrator. The June 30 Order also recognized that the named plaintiff died in October 2007, and that there has been no substitution of a proper plaintiff in the intervening eight months. On that basis, Hall was ordered to show cause, on or before July 7, 2008, why this action should not be dismissed without prejudice pursuant to Rule 25(a)(1), Fed.R.Civ.P., and was further ordered to show cause for his failure to comply with this Court's Order (doc. 56) entered on June 16, 2008. The June 30 Order included the following admonition to Hall in bold text: "**In light of his record of chronic non-compliance with court orders in these proceedings, plaintiff's counsel is cautioned that the failure to respond to this order in a timely and complete manner will result in the prompt dismissal of this action.**" (Doc. 57, at 1-2.)

To date, Hall has not responded to the June 30 Order. On July 9, 2008, Hall's counsel, George Edward Jones, III, called the undersigned's chambers to advise that he had just received

the June 30 Order in the mail and that he would be responding to it.[1]  As of today, however, the Court has received no submission of any kind from Jones.  There has been no response to the show cause order.  There has been no motion for an enlargement of time.  The net result is that while Jones is fully aware that he was ordered to respond to a sternly-worded show cause order by no later than July 7, and that a consequence of his failure to do so would be prompt dismissal of this action, he has taken no action other than a perfunctory telephone call to chambers nearly two weeks ago.  Counsel's continued disregard of orders from judges of this District Court will not be tolerated.

District courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute.  *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520

---

[1]  It is unclear why the U.S. Postal Service would require more than a week to deliver a copy of the June 30 Order to Jones' office address in Selma, Alabama.  It is still more unclear why Jones is not participating in the electronic filing system which has been mandatory since September 1, 2004, for all counsel practicing in this District Court.  Back on March 14, 2008, Magistrate Judge Bivins temporarily excused Jones from participating in the electronic filing system for a period of 60 days.  (Doc. 33.)  That 60-day period has long since expired, yet Jones has apparently taken no action either to extend the deadline or to enroll in the mandatory electronic filing system of this District Court.

(11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion."). Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth*, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones*, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (deeming dismissal for failure to prosecute appropriate where there was total non-cooperation by plaintiff's counsel, a history of delay, and prejudice to defendant).

Under the circumstances presented here, the Court finds that dismissal of this action without prejudice is the only appropriate sanction. There has been no substantial action undertaken by Hall to prosecute this case on behalf of the decedent, Teresa Hall, in the nine months since her death. Hall has been given the benefit of triple the 90-day window for substitution provided by Rule 25(a)(1), Fed.R.Civ.P., but has still failed to make appropriate arrangements to be substituted as plaintiff herein. Moreover, Hall has disregarded two separate

Orders by this Court issued on June 16 and June 30, respectively, the latter of which was a Show Cause Order expressly warning him that the penalty for noncompliance would be dismissal. In light of the foregoing pattern of contumacious conduct, and the Court's determination that lesser sanctions will not suffice to remediate Hall's clear pattern of delay and non-compliance with court orders, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute, failure to comply with orders of this Court, and failure to comply with the provisions of Rule 25(a)(1), Fed.R.Civ.P.[2]

DONE and ORDERED this 22nd day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Nothing herein excuses Jones' noncompliance with the orders of Magistrate Judge Bivins imposing monetary sanctions against him personally in this case. (*See* docs. 27, 33, 52.) Notwithstanding the dismissal of this action, Jones remains accountable to Magistrate Judge Bivins for his failure to abide by her rulings herein, including any disciplinary proceedings that may be instituted pursuant to Local Rule 83.6(a).