```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
TERESA T. HALL,                   :
                                  :
                                  :
      Plaintiff,                  :    CIVIL ACTION 06-00791-WS-B
                                  :
v.                                :
                                  :
INFIRMARY HEALTH SYSTEM           :
D/B/A MOBILE INFIRMARY,           :
et al.,                           :
                                  :
      Defendants.                 :
```

## REPORT AND RECOMMENDATION

This matter is before the Court due to George Edward Jones, III's repeated failure to comply with Orders of this Court. For the reasons set forth below, the undersigned recommends that Mr. Jones be held in contempt.

### I. Facts and Procedural History

In an Order dated February 28, 2008 (Doc. 27), the undersigned Magistrate Judge imposed monetary sanctions in the amount of $1000 upon Plaintiff's counsel, George Edward Jones, III, due to his repeated failure to comply with Orders of this Court. Mr. Jones was directed to tender the payment to the Clerk of Court no later than March 13, 2008. On March 13, 2008, Mr. Jones filed a motion requesting additional time in which to pay the fine (Doc. 29). During a hearing before the undersigned on March 13, 2008, Mr. Jones

detailed the basis for his extension request.  After hearing from counsel, the undersigned granted his request for an extension and reduced the monetary sanction to $500. (Doc. 33).  Mr. Jones was directed to tender the reduced payment to the Clerk of Court by April 14, 2008.

The undersigned conducted a status conference on May 19, 2008, with counsel for the parties in attendance.  During the conference, the Court observed that Mr. Jones had failed to make the $500 payment or offer any explanation for such failure.  Mr. Jones was cautioned that his continued failure to comply with Orders of the Court would not be tolerated.  He was yet again directed to tender the $500 payment to the Clerk of Court by June 9, 2008. (Doc. 40). After Mr. Jones failed to tender the payment on June 9, the Court, on June 10, 2008, issued an Order directing Mr. Jones to show cause, on or before June 20, 2008, why he should not be held in contempt for his repeated failure to comply with Orders of this Court. (Doc. 52).  A review of the docket reflects that as of today's date, Mr. Jones has not complied with the Court's Orders directing payment of the monetary sanction, nor has he offered any evidence that suggests that he is not capable of complying with the Court's Order.

**II.  Analysis**

"Courts have inherent powers to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991)(citing

Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed. 2d 622 (1966).  Civil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Mercer v. Mitchell, 908 F.2d 763, 768-769 (11th Cir. 1990).  While the alleged offender is typically appraised of the offending conduct and provided an opportunity during an evidentiary hearing to show cause why he should not be held in contempt, the hearing may be dispensed with when there are no disputed factual matters which require a hearing.  Id. at 769, n.11.  A finding of civil contempt--that is, willful disregard of the authority of this Court--must be supported by clear and convincing evidence.  Georgia Power Co. v. NLRB, 484 F.3d 1288, 1290 (11th Cir. 2007); Riccard v. Prudential Ins. Co., 307 F. 3d 1277, 1298 (11th Cir. 2002). The clear and convincing evidence must establish that (1) the allegedly violated order was valid and lawful; (2) the order was clear and ambiguous; and (3) the alleged violator had the ability to comply with the order. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000).

　　　The record in this case demonstrates, by clear and convincing evidence, that Mr. Jones has repeatedly failed to comply with Orders of this Court.  The evidence is undisputed that Mr. Jones was ordered, on no less than four (4) occasions, to pay a monetary fine as a result of his failure to comply with Orders of this Court. (Docs. 27, 33, 40, 52).  Although the original fine amount, $1000, was reduced by fifty (50%) percent, and Mr. Jones was afforded

additional time in which to tender payment[1], he has not only failed to pay the fine, but he has persisted in disregarding Orders of this Court[2].  The Orders directing Mr. Jones to pay the monetary fine for his offending conduct were lawful, and they set forth, in clear and unambiguous terms, the conduct that necessitated the sanction and the amount of the monetary fine.  Mr. Jones has not proffered any evidence which suggests that he was unable to comply with the Court's Orders. As a result, at this juncture, it appears that nothing short of a finding of contempt will suffice.  Accordingly, the undersigned recommends that Mr. Jones be held in contempt.

The attached sheet contains important information regarding objections to this Report and Recommendation.

Done this **24th** day of **July, 2008.**

                                      **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**

---

[1] At a hearing conducted on May 19, 2008, Mr. Jones represented to the Court that he had been ill and was experiencing financial difficulties; however, if granted additional time, he could pay the fine.  Despite his assurances, Mr. Jones has failed to pay the fine, and has further failed to proffer any evidence that suggests that payment of the fine would present a substantial hardship for him.

[2] Mr. Jones did not file a status report as ordered by District Judge Steele in an Order dated June 16, 2008 (Doc. 56), nor did he respond to District Judge Steele's Order dated June 30, 2008, which directed Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's Order entered on June 16, 2008 (Doc. 57).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

5

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**